THOMAS D. ROBERTSON *et al.*, Appellants, *v.* WILLIAM P. DENNIS, Appellee.

APPEAL FROM WINNEBAGO.

A party may redeem from sheriffs' sale any one of a number of lots, sold at one time and separately, to the same purchaser.

The party redeeming, can, at his option, pay either to the officer who sold the land, or, if he is out of office, to his successor.

THE appellants recovered a judgment against the appellee, at September term, 1854, of the Winnebago Circuit Court. In October following, an execution was issued on this judgment, which was returned satisfied, on the fourteenth day of February, 1855, by the sale of two pieces of land.

At February term, 1857, of the court, a motion was made for a rule upon the sheriff, requiring him to convey to T. D. Robertson, one of the plaintiffs, by sheriffs' deed, the two tracts of land sold under the execution. This motion was denied as to one tract, and allowed as to the other. The bill of exceptions shows that defendant appeared by counsel to oppose it as to one tract of land, and did not oppose it as to the other. That the plaintiffs read, in support of the motion, an affidavit of Thomas D. Robertson, one of the plaintiffs, an affidavit of James M. Wight, plaintiffs' attorney, the entry of the judgment in this cause, the execution issued on said judgment, the certificate of levy, and return thereon indorsed, and a certificate of the sheriff, K. H. Milliken, who made the sale to Robertson.

Robertson's affidavit shows that he was one of the plaintiffs, the recovery of the above judgment, the time and amount of such recovery, and the issue of the above described execution. That February 14th, 1855, $400 remained due on said execution, and to make that sum the sheriff of said county levied on the north-west quarter section 27, township 26, in range 10 east of fourth principal meridian; and that part of the north-west fractional quarter of section 26, in township 44, range 1 east of third principal meridian, which lies west of Rock river and north of Kent's creek, all in Winnebago county.

That the tracts were sold by said sheriff separately, on said 14th day of February, 1855, and both bought in by deponent for the joint benefit of all the plaintiffs, the first tract for $150, and the other tract for $250, he being the highest bidder for said lands.

The duplicate certificates of said sale were immediately made out by the sheriff, delivered and filed, pursuant to law.

That the whole amount of the purchase price bid for the two parcels of land, and interest thereon at the rate of ten per cent. per annum, had not been paid to the deponent, the plaintiffs or sheriff of said county within one year from the day of sale.

And that said lands had not been redeemed by any owner or judgment creditor, in pursuance of law; and insists that the lands had not been redeemed by any person authorized to redeem them; and that deponent was entitled to a sheriffs' deed of both parcels.

That the defendant, pretending to be entitled to redeem one tract of the land sold without redeeming the other, on the 14th or 15th day of February, 1856, deposited with John F. Taylor, then sheriff of Winnebago county, the sum of $250, and interest thereon at the rate of ten per cent. per annum, which money was received by sheriff, and was deposited for the purpose of redeeming the tract of land last above described, defendant claiming the right to redeem that parcel without redeeming the other sold at the same time on the same judgment and execution.

That in consequence of such pretended redemption, deponent was unable to obtain a deed from the sheriff of both parcels of land, as he was entitled to, and insists that defendant had no right to redeem one tract without redeeming the other, and that such pretended redemption was of no force or validity, and that deponent was entitled to a sheriffs' deed of both parcels.

That the title of the land first above mentioned (being the land not redeemed,) was doubtful and uncertain, and that the attempt of the defendant to redeem one tract without redeeming the other would subject the plaintiffs to great wrong and injustice, and asks for a rule on the sheriff to convey both parcels.

Wight's affidavit shows that prior to the rendition of judgment in this cause, that the first tract of land above described had been sold and conveyed by defendant to one Hicks, which land is described as the north-west quarter of section 27, township 26, range 10 east fourth principal meridian.

That at the time of said sheriffs' sale, said conveyance to said Hicks had not been recorded, and that defendant at the said time had in fact no title to the said parcel of land.

J. M. WIGHT, for Appellants.

J. MARSH, for Appellee.

BREESE, J. The thirteenth section of the act relative to judgments and executions, R. L. 1845, chap. 57, is remedial in

its character, and must be liberally construed so as to advance the remedy.

It would be a prodigious hard case, that a debtor who could raise money enough to redeem a lot with a humble cabin on it, should not have the privilege of doing so, because, with the cabin lot, there was sold at the same time, to the same purchaser, and included in the same certificate, a lot with a fine mansion upon it.

The true construction of the act will permit a party to redeem any one of a number of lots, sold at one time and separately, to the same purchaser; if not, the law would fail of its manifest object.

The other objection, that the redemption money was paid to the sheriff *in being*, who was not the sheriff who sold the land, is not tenable. The true meaning of the statute is correctly given by this court in the case of *Elkin* v. *The People*, 3 Scam. R. 209. The party redeeming can pay the money to the sheriff, or to the officer who sold the land, even if out of office. He has his choice to pay to either.

This view is fortified by a consideration of the 14th section. When a judgment creditor offers to redeem, he must " sue out an execution upon his judgment, and place it in the hands of the proper officer, to execute it." This officer is the acting sheriff, or if he be dead, his deputy, or the coroner. There can be no other.

It may be that the purchaser under an execution may be left with a tract on hand, to which the debtor had no good title. This would be his misfortune, but it was in his power to look into the title before he purchased. In such cases, the maxim, *caveat emptor*, well applies.

We see no ground for the objections taken, and accordingly affirm the judgment.

*Judgment affirmed.*