Merrimack, ?
Dec., 1898. ⟩

69    470
f74    73

SMITH *v.* PHILLIPS *& a.*

An action at law cannot be maintained upon a parol agreement to lease land for a term of years.

Part performance of such an agreement does not take the case out of the statute of frauds, so as to authorize the recovery of damages in an action at law for a breach of the oral contract.

ASSUMPSIT. Facts found by a referee. July 1, 1893, one Bradley executed to the defendants a lease of a tract of land in Concord for the term of five years, with a right of renewal at the expiration of the term. Upon a part of this tract a building or mill for polishing granite had been erected and was owned by the State Capital Polishing Works. August 10, 1893, the defendants agreed verbally with the plaintiff that if he should purchase the polishing mill of the owners they would execute to him a lease of the land occupied by the mill for as long a term as Bradley had leased to them. The plaintiff, relying upon this agreement, bought the mill and went into possession and operation of it. Such occupation, so far as it is a question of fact, is found to be a partial performance of the oral contract. November 23, 1893, the plaintiff requested the defendants to execute such a lease as had been agreed upon. This they refused. In consequence of the defendants' refusal to give him such a lease as had been agreed upon, the plaintiff, after notice to the defendants, removed the mill, March 23, 1896. The removal was rendered necessary by the defendants' refusal to lease. The referee finds for the plaintiff upon other items the sum of $9.79,

and submits to the court the question whether damages for breach of the oral contract to lease can be recovered.

*Leach & Stevens*, for the plaintiff.

*Albin, Martin & Howe*, for the defendants.

PARSONS, J.   A parol agreement to lease land for a term of years is a contract to convey an interest in lands within the statute of frauds (P. S., c. 137, s. 12; *Ib.*, c. 215, s. 1; *Webster* v. *Blodgett*, 59 N. H. 120), and no action at law can be maintained upon it.   P. S., c. 215, s. 1; *Lane* v. *Shackford*, 5 N. H. 130, 133; *Ayer* v. *Hawkes*, 11 N. H. 148, 150; *Ham* v. *Goodrich*, 33 N. H. 32, 35; *S. C.*, 37 N. H. 185; *Luey* v. *Bundy*, 9 N. H. 298; *Seavey* v. *Drake*, 62 N. H. 393, 394.   Part performance of such an agreement does not take the case out of the statute so as to authorize the recovery of damages in an action at law for a breach of the oral contract.    *Webster* v. *Blodgett, Lane* v. *Shackford, Ayer* v. *Hawkes, supra ; Emery* v. *Smith*, 46 N. H. 151, 155; *Kidder* v. *Hunt*, 1 Pick. 328; *Thompson* v. *Gould*, 20 Pick. 134, 138; *Adams* v. *Townshend*, 1 Met. 483; *Hibbard* v. *Whitney*, 13 Vt. 21, 24; *Hawley* v. *Moody*, 24 Vt. 603, 605; *Buck* v. *Pickwell*, 27 Vt. 157, 166, 167; *Abbott* v. *Draper*, 4 Denio 51, 53; *Eaton* v. *Whitaker*, 18 Conn. 222, 231; Chit. Cont. (10th Am. ed.) 329; 2 Par. Cont. (4th ed.) *340; Bro. St. Fr. (5th ed.), s. 451.   It is not necessary to inquire whether in equity the plaintiff might have had a decree for a specific performance of the oral contract to lease.   He has made no claim to such relief, and by removing the building and yielding his possession has abandoned such equitable title as he had as lessee and put himself into a position where such a decree would afford him no relief.   No claim is made except upon the contract, and the case discloses no grounds upon which any action can be maintained.   *Cocheco Aqueduct Association* v. *Railroad*, 59 N. H. 312; *Lane* v. *Shackford, Ham* v. *Goodrich, Emery* v. *Smith, supra ; Crawford* v. *Parsons*, 18 N. H. 293, 294; *Miller* v. *Tobie*, 41 N. H. 84.   The plaintiff is entitled to judgment for $9.79.

*Case discharged.*

All concurred.