Hillsborough, }
  June 2, 1903. }

LAHEY *v.* BRODERICK, *Adm'r & a.*

Where a deed of real estate is taken in the name of one person while the purchase price is paid by another, such fact may be shown by parol, and being established, the law implies a trust or use in favor of the party by whom the funds were advanced.

The presumption of a gift, which arises when the purchase price of real estate is paid by a husband and the deed is taken in the name of the wife, may be rebutted by parol evidence showing a contrary intention, and thereupon a trust or use arises in favor of the husband as effectually as though the transaction had been between strangers.

BILL IN EQUITY, praying for a decree confirming the title to a tract of land on Ferry street in Manchester in Jeremiah Lahey. Trial before *Young,* J., at the May term, 1902, of the superior

court. Upon the facts hereinafter stated a decree was ordered for the plaintiff, and the defendants excepted.

Jeremiah and Mary Lahey were married in 1868. Mary died in 1892, leaving two children surviving her—Joseph and John. Joseph died in 1899, and John in 1901. The plaintiff is Jeremiah, and the defendant Broderick is the administrator of John's estate. At the date of their marriage neither Jeremiah nor Mary had any substantial amount of money. After their marriage Mary worked a few months and then began housekeeping. Jeremiah worked steadily until his wife's death, and as he received his wages he turned them over to her to keep and to use for the benefit of the family. Four children were born to them, two of whom died before the mother. About 1884 the children began to earn money, and their wages were turned over to Mary in the same way as Jeremiah's.

In 1884, the family savings amounted to $600, and Jeremiah then made a trade for the land in question with one Eastman, by the terms of which Eastman was to build a house on the land and upon its completion convey the premises to Jeremiah. Jeremiah paid $600 when the trade was made and agreed to secure the balance of the purchase price ($830) by mortgage. After the trade was made and before the house was completed, Jeremiah went away to work; and when the house was finished, he sent his wife to complete the business with Eastman. The conveyance was made to her, and she gave the mortgage to secure the balance of the purchase price. Mary and Jeremiah were unlearned persons, and neither understood the legal effect of the conveyance. Jeremiah did not think he was giving, and did not intend to give, the property to his wife when he sent her to complete the trade, nor did Mary understand that the house was a gift from her husband, although both knew that the title stood in her name. At the date of Mary's death, the mortgage had been paid and there was a deposit of $600 in a savings bank in her name. The money on deposit and that used to pay the mortgage was derived from the earnings of Jeremiah and the children, the latter being minors at the time their mother died.

John lived at home with his father about a year after his mother's death, and then boarded with Mrs. Gleason, whom he paid regularly until some time in 1896, when he fell ill. He continued to board with her until a few weeks before he died, and was indebted to her at the time of his death. Broderick, as administrator of John's estate, sold one half of the premises in question to the defendant McDermott. At the time of the sale, the plaintiff's attorney notified the defendants that John's interest in the estate could not exceed one third and that Jeremiah did not waive any

rights he might have; but nothing was said as to what his rights were. Some time subsequent to 1896, Mrs. Gleason learned that the title to the premises stood in Mary's name. She thought that her claim against John could be enforced against the property. She knew that Jeremiah received the whole of the income from the property, and never asked him what interest, if any, John had in it; and Jeremiah did not know, and is not in fault for not knowing, that she looked to the property for the payment of her claim against John.

*John O'Neill*, for the plaintiff.

*James A. Broderick*, for the administrator.

REMICK, J. Where, upon the purchase of land, the deed is taken in the name of one person while the consideration money is paid by another, such fact may be proved by parol evidence, and being established, the law implies a trust or use in favor of him who advances the money. *Scoby* v. *Blanchard*, 3 N. H. 170; *Pritchard* v. *Brown*, 4 N. H. 397; *Page* v. *Page*, 8 N. H. 187; *Gove* v. *Lawrence*, 26 N. H. 484, 492; *Farrington* v. *Barr*, 36 N. H. 86; *Moore* v. *Moore*, 38 N. H. 382, 387, 388; *Hutchins* v. *Heywood*, 50 N. H. 491; *Ferrin* v. *Errol*, 59 N. H. 234; *Osgood* v. *Eaton*, 62 N. H. 512; *Fellows* v. *Ripley*, 69 N. H. 410.

There was evidence to warrant the superior court in finding that, while the deed in the present case was taken in the name of the wife, the consideration was paid by the husband. But it is contended by the defendant that when the purchase price is paid by a husband and the deed is taken in the name of his wife, as in the present case, there is a presumption that the transaction was intended as a gift, and that under such circumstances the law will not imply a trust or use. In support of this contention, *Dickinson* v. *Davis*, 43 N. H. 647, is cited. That case decides merely that there is a presumption under such circumstances that the transaction was intended as a gift. But, as there said, the presumption is only *prima facie*. It may be rebutted by parol evidence showing that it was not the intention to make a gift, and thereupon a trust or use arises as effectually as though the transaction had been between strangers. *Fellows* v. *Ripley*, 69 N. H. 410; *Price* v. *Kane*, 112 Mo. 412, 418; *McClintock* v. *Loisseau*, 31 W. Va. 865, 869; Bisp. Eq. (6th ed.) 135; Beach Tr., s. 160. It is found as a fact in this case that it was not the intention to make a gift— that neither the husband nor the wife so understood. If exceptionable, which does not appear, no exception was taken to the evidence upon which this finding was based; and as the record

stands, there is no warrant for saying that the evidence did not justify the finding. The facts found warrant the conclusion that the wife took the deed to the use of the plaintiff. The statute of uses executes the use and vests the legal estate in the plaintiff. *Hutchins* v. *Heywood*, 50 N. H. 491; *Fellows* v. *Ripley*, 69 N. H. 410.

The question of laches, so far as it is one of fact, would seem to be disposed of by the decree, which presupposes a finding against that contention. *Page* v. *Whidden*, 59 N. H. 507, 511; 12 Enc. Pl. & Pr. 839, 840. Moreover, the defendants are here claiming through the wife. As against the plaintiff she had no title, and the defendants stand no better than she did. *Ferrin* v. *Errol*, 59 N. H. 234.

*Exception overruled.*

All concurred.