DeVILLIERS et al. v. PIONEER ABSTRACT & LOAN CO. et al.

No. 11292—Opinion Filed July 3, 1923.

Rehearing Denied Sept. 18, 1923.

1. Abstracters—Defective Record—Measure of Damages.

Plaintiffs, desiring to buy a certain piece of land for the purpose of platting the same as a town site, procured an abstract from a bonded abstract company and ,relying upon the abstract, bought the land, and thereafter learned that there was a mining lease of record which was not shown on the abstract. Plaintiffs demanded of the abstract company that it clear the title, which they failed to do. Plaintiffs, to clear the title for the purpose of selling town lots, bought the mining lease. In an action for damages by plaintiffs against the abstract company and its bondsmen, in the absence of proof that plaintiffs derived no benefit from the property, or properly incurred some expense in defending their possession, held, the proper measure of damages would be the purchase price paid for the lands, less the value of the land so incumbered by the mining lease.

2. Same.

Plaintiffs tried the case on the theory that the price paid for the mining lease was the proper measure of their damages and offered no proof that the land so incumbered was, at the time of the purchase, of less value than the price paid for the land. Held, plaintiff could recover nominal damages only.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by D. C. DeVilliers, C. A. Douthat, and W. L. Bingham against Pioneer Abstract & Loan Company, Southwestern Surety Insurance Company, and Southern Surety Company. Judgment for plaintiffs for nominal damages, and plaintiffs bring error. Affirmed.

Vern E. Thompson, for plaintiffs in error.

J. G. Austin, for defendants in error.

Opinion by RAY, C. In an action against an abstracter and his bondsmen for damages for leaving out of an abstract an entry of a mining lease, the plaintiffs recovered nominal damages only, and bring the case here by petition in error and casemade.

After a careful examination of the evidence and the very able brief of counsel, we are of the opinion that there is but one question to be determined and that is the proper measure of damages.

The facts, as claimed by the plaintiffs, are these: The Indian department was advertising to sell a 40-acre tract of Indian land adjoining the old town of Quapaw. The plaintiffs desired to buy the land and plat it as a town site. They ordered an abstract of title from the abstract company and the abstract failed to show a mining lease. Relying upon the abstract, plaintiffs bought the land for $5,002.50. They afterward learned of the mining lease and notified the abstract company and asked them to clear the title. For some reason the abstract company did not clear the title and the plaintiffs undertook to clear the title themselves. And, to quote from plaintiffs' statement to the jury, "by that time the mining business and the town building business begun to boom as it did in this country during that time and the land become very valuable."

In order to remove the cloud from the title, for the purpose of selling town lots, plaintiffs paid $7,300 for the lease, and brought this action against the abstract company and the sureties on its bond to recover the $7,300, which amount they alleged they were damaged by reason of the failure of the company to show the mining lease upon the abstract.

Plaintiffs brought the action, tried it in lower court, and present it here, upon the theory that the proper measure of damages was what they were compelled to pay to buy the lease. Their evidence was all

presented upon that theory and they requested this instruction to the jury:

"The measure of damages in an action of this kind for failure to note on the abstract an incumbrance on the property is the amount which plaintiffs were compelled to expend in removing the cloud cast on the title by the incumbrance."

If the incumbrance had been a mortgage, judgment, or any incumbrance which fixed a definite sum which the law required to be paid, then this would have been a proper instruction, provided, of course, the incumbrance did not exceed the amount paid for the property, and the necessary expenses of defending the title.

To adopt the rule contended for by plaintiffs would be to open the way to all kinds of fraud. No better illustration could be had than this case. As shown by plaintiffs' opening statement to the jury, it was the "boom" in the mining business and the town-site business after the purchase of the land that caused the great loss of which they complain. The amount which plaintiffs seek to recover was fixed by contract between the plaintiff and the holder of the lease without the defendant being a party to the contract or having any knowledge thereof. If they could, by bargain and sale, based upon the speculative and changing values of town lots and mining leases, fix the amount of plaintiffs' recovery at $7,300, why not $14,000, or any other sum? The statute upon which plaintiffs rely for recovery, sec. 3610, Comp. Stats. 1921, fixes the amount of the recovery as the actual damages suffered by them because of the incompleteness of the abstract, and not because of the subsequent "boom" in town lots.

If the title had failed entirely, the maximum of their recovery would have been the amount paid for the land and the necessary expenses in defending their possession. So, far as we know the precise question here presented has never been before this court, but, in our opinion, the liability of an abstracter is not greater than that of one warranting the title. The measure of damages in such case is laid down in sec. 2856, Rev. Laws 1910, sec. 5980, Comp. Stats. 1921, as follows:

"The detriment caused by the breach of a covenant of seizin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be:

"First. The price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property.

"Second. Interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years: and,

"Third. Any expenses properly incurred by the covenantee in defending his possession."

Under this statute the plaintiffs were entitled to recover the $5,002.50 paid for the land, less the value of the land so incumbered by the mining lease. This view of the proper measure of damages has been recognized in the following cases: Keuthan v. St. Louis Trust Co., 101 Mo. App. 73, 73 S. W. 334; Williams v. Hewitt (Wash.) 106 Pac. 496; Cameron v. Burke (Wash.) 112 Pac. 252. But plaintiffs tried the case on the theory that they were entitled to recover the full amount paid for the lease, and offered no evidence of any kind or character tending to show that the land with the incumbrance upon it was of less value than the $5,002.50, which they paid for it. There was, therefore, no evidence of actual damages submitted to the jury. Plaintiffs claim that the court erred in submitting the question of nominal damages to the jury, but as that resulted in the verdict in favor of the plaintiffs for nominal damages, they were not injured thereby and can not complain. The judgment should be affirmed.

By the Court: It is so ordered.