Hillsborough,
May 2, 1933.

BRONISLAW DZIATLIK

*v.*

HOLY TRINITY POLISH NATIONAL CATHOLIC CHURCH.

*Osgood & Osgood (Mr. Clinton S. Osgood* orally), for the plaintiff.

*Francis C. Zacharer* and *James D. O'Hearn* (both of Massachusetts), *Arthur B. Hayden* and *Wyman, Starr, Booth & Wadleigh (Mr. Booth* orally), for the defendant.

MARBLE, J.   The Holy Cross Polish Catholic Church was the original owner of the cemetery in question.   As a result of certain litigation between this church and various members of the congregation, the entire real estate of the church consisting of its buildings in Manchester and the cemetery tract in Goffstown was sold at auction under execution, and purchased by three individuals, who were assignees of the judgment creditors.   The cemetery was sold as a separate parcel of real estate and for a separate sum.

Later the three purchasers conveyed to the newly incorporated Holy Trinity Church (defendant in the present action) all the property thus purchased, and the Holy Cross Church assigned to the plaintiff the right to redeem the cemetery.   This assignment vested in the plaintiff all "the rights, privileges and remedies" belonging to his assignor.   P. L., c. 345, s. 35; *Russell* v. *Fabyan,* 34 N. H. 218, 228.

The date of the execution sale was December 30, 1929.   The present proceedings were instituted July 11, 1930, and the first hearing before the master was held on October 17, 1930.   The master's report was filed on January 6, 1931, and at the same time, the defendant moved to dismiss the action because the offer to redeem did "not include all the property," and because the plaintiff had "only a colorable title," the "real parties in interest" being the Holy Cross Church.

The further contention is now advanced that the plaintiff's right of redemption has ceased, since no payment was made to the defend-

ant or into court within one year from the date of the execution sale. P. L., c. 345, s. 26. Although this question does not appear to have been raised in the superior court, it has been argued by both parties, and since the exception to the decree is a general one, has been considered here.

It is true that in the ordinary case tender or an averment of readiness to pay is necessary. *Perry* v. *Carr*, 41 N. H. 371. But here the amount due was in dispute. The plaintiff notified the defendant of his wish to redeem and demanded a statement of indebtedness. This the defendant declined to furnish. The plaintiff then seasonably brought the present "petition for account" in accordance with the provisions of P. L., c. 345, s. 34.

The defendant, having denied the plaintiff's right to redeem at all and refused to render the statement asked for, is very properly estopped from objecting to the plaintiff's failure to tender the requisite sum at his peril. *Barker* v. *Barker*, 16 N. H. 333, 337; *Taylor* v. *Insurance Co.*, 51 N. H. 50, 54; *Merrill* v. *Company*, 62 N. H. 514, 517.

In the case of *Francis* v. *White*, 160 Ala. 523, 527, 528, it is said: "If the averments of the bill be true, the amount of the lawful charges could not be ascertained without the aid of the court or of the respondents, and it shows that the respondents refused to aid complainant, or to inform him of the true and exact amounts .... The rights and duties of the debtor, creditor, or purchaser under the statute are reciprocal. The purchaser cannot, by his mere failure or refusal to perform the duties imposed upon him ... prevent the debtor from performing his, and thus cause the debtor to lose his statutory right of redemption."

Says *Van Devanter*, Circuit Judge, in *Lynch* v. *Burt*, 132 Fed. Rep. 417, 430: "We have no doubt that a statutory right of redemption may be enforced through a bill in equity, seasonably brought, in instances where, ... before the right can be properly exercised, it is necessary to determine by judicial proceedings in whom the right rests, from whom the redemption must be made, or the amount requisite to effect it."

Furthermore, there is necessarily implied in the decree of the trial court in the present case a finding that justice requires that the period of redemption be extended "a reasonable time after the conclusion of the litigation." *Piatt* v. *Flaherty*, 96 Kan. 42, 45. Such a finding may properly be made (see *Carroll* v. *McCullough*, 63 N. H. 95), since "It is the duty of the courts to see that parties are not deprived of the right of redemption given by statute on account of delays which

are the result of proceedings in the court to determine questions affecting" that right. *Piatt* v. *Flaherty, supra.*

Equally untenable is the contention that the plaintiff cannot redeem one tract of land "without redeeming all."

The general rule is that, "where different parcels of land are sold en masse, they must be redeemed en masse," but that where they are sold separately, they may be redeemed separately. 23 C. J. 713; Rorer, Judicial Sales (2d *ed.*), *s.* 1153. Most of the cases cited in support of this proposition are of little utility, however, since the various statutes construed differ materially from the statutes in this jurisdiction. See *Robertson* v. *Dennis*, 20 Ill. 313, 315; *Case* v. *Fry*, 91 Ia. 132, 137; *Brown* v. *Timmons*, 79 Mont. 246, 250.

The church property in Manchester was subject to a mortgage. It could not therefore be "appraised and set off to the creditor" (P. L., *c.* 345, *s.* 1), but was required to be sold in accordance with the provisions of P. L., *c.* 345, *s.* 19. There was no mortgage on the cemetery lot. Until the passage of Laws 1899, *c.* 73, *s.* 1 (P. L., *c.* 345, *s.* 27) a levy on an unincumbered estate in fee had to be made "by setting off the real estate, or enough of it to satisfy the execution." *Bartlett* v. *Gilcreast*, 72 N. H. 145, 146.

The act of 1899 authorized such property to be sold in the same way that "rights of redeeming real estate mortgaged" are sold, and granted to the debtor "the same right of redemption from such sale," but, continuing to observe the distinction between the two types of property, did not abolish the creditor's right to appraisal and set-off.

The cemetery was sold under the authority of this statute. It was sold at auction, distinct from the Manchester property, and for a separate price. No convincing reason has been suggested for denying to the plaintiff the "right of redemption from such sale" on the basis of that price.

In construing a New York statute (Sess. 43, *c.* 184, *s.* 2) providing for the redemption of real estate, without specific reference to sale in parcels, the court of that state has held that where there is a sale in parcels for separate sums, "it is competent to redeem any single parcel thus sold." *Dickenson* v. *Gilliland*, 1 Cow. 481, 497.

The defendant's third contention is that the plaintiff holds his right of redemption in trust for the Holy Cross Church and that it would be inequitable to allow him to redeem the cemetery, since the original judgment creditors would be entitled to levy upon that property and resell it for the purpose of collecting the balance due. The judgment creditors, however, are not parties to these proceedings,

and the defendant, having purchased property the value of which the master finds to be far in excess of the sum paid, has no cause to complain. Furthermore, the master has found that the plaintiff "is buying this cemetery, if allowed to buy it, for himself and not in collusion with the Holy Cross Church."

The evidence on which the master based his findings is not before this court. Those findings appear to be complete and consistent. No error is discovered in the denial of the motion to recommit. While a motion for a new trial on the ground of newly discovered evidence should be addressed to the superior court (*Jaques* v. *Chandler*, 73 N. H. 376, 381, and cases cited), the evidence referred to in the defendant's proposed motion appears to be immaterial.

*Exceptions overruled.*

All concurred.