Rockingham, June 22, 1939. } No. 3090.

DOROTHY S. FOLEY *v.* JOSEPH F. FOLEY.

*John Scammon, George R. Scammon* and *A. David Epstein* (of Massachusetts) (*Mr. George R. Scammon* orally), for the plaintiff.

*Jeremy R. Waldron* and *Wyman P. Boynton* (*Mr. Boynton* orally), for the defendant.

MARBLE, J. The plaintiff and the defendant were married in 1914. In 1923 the town of Hampton executed a so-called ground lease of the premises in question. This property was beach land, the term of the lease was twenty years, the consideration for the lease was paid by the defendant, and the plaintiff was the lessee named in the indenture.

Shortly after the execution of the lease the defendant erected a cottage on the leased land at a cost of approximately $6,000. He paid from his own funds the land rent of $20 a year and all taxes, insurance premiums, water bills, and repair bills from the time the cottage was erected until it was destroyed by fire in 1933. He then built with an expenditure of part of the insurance money the cottage now standing on the lot. Until 1931 the cottage had been insured in the plaintiff's name. At that time the insurance was changed and was thereafter written in the name of the defendant.

On these facts the master found that the presumption of a gift of the property to the plaintiff was rebutted "by the conduct of the parties from the date of the purchase until the summer of 1934." This finding could properly be made. *Lahey* v. *Broderick*, 72 N. H. 180, 182; Restatement, Trusts, *s.* 443, *comment a.* Although the statute of frauds (P. L., *c.* 213, *s.* 16) is applicable to a trust of any interest in land including a leasehold (Restatement, Trusts, *s.* 40, *comment c;* see also *Webster* v. *Blodgett*, 59 N. H. 120, and *Smith* v. *Phillips*, 69 N. H. 470), it does not apply to trusts which "result by implication of law," and the master has here found in effect that the plaintiff when she acquired the leasehold in question held the property for the benefit of the defendant by way of a resulting trust.

In 1929 the plaintiff and the defendant ceased living together, and on May 7, 1934, the plaintiff was granted a decree of divorce *nisi*

by the Probate Court for Norfolk County, Massachusetts, the decree becoming absolute on November 7, 1934.

During the negotiations seeking a financial adjustment in lieu of alimony the plaintiff asserted claim to the Hampton property. The defendant "wanted" this property, however, and suggested to her through his counsel that she take in exchange "some piece of property that he had in either Norwood or Canton." This the plaintiff refused to do. Thereupon the Norwood property was conveyed to one Robert J. Burns, both the plaintiff and the defendant signing the deed. It was then agreed in writing that the defendant's attorney should pay to the plaintiff's attorney within sixty days "the 1933 real estate taxes and 1933 rent of Lot 557" (the Hampton property) and "the outstanding contractors' bills on said property," and while no formal surrender of the defendant's interest was incorporated in this agreement, the keys of the cottage were later delivered by defendant's counsel to plaintiff's counsel, and the plaintiff entered into possession. She made some repairs at her own expense and occupied the premises during the summer of 1934 and 1935.

The defendant's acquiescence in these arrangements is found to be due to the fact "that he had already had enough trouble during the divorce proceedings and he did not want to start any more trouble before the divorce became final." He testified: "In 1934 I didn't do nothing because my divorce was not absolute at that time, and I was getting hooked enough so that I didn't intend to go up and cause any trouble until my divorce became absolute. . . . My attorney was handling my affair. But I signed nothing."

On November 7, 1934, the day when the decree became absolute, the defendant filed with the town clerk of Hampton a notice in which he claimed title to the cottage and on June 8, 1936, he notified the plaintiff that she was holding the property unlawfully.

The master states his conclusions as follows:

"The plaintiff, principally, bases her claim of title to the property by virtue of what happened at the time of the divorce trial at Dedham. She and her attorney assumed that she owned the Hampton property, the defendant and his attorney allowed them to assume that fact and made no counter-claim of ownership and the defendant was very careful not to make any claim of ownership until the divorce became absolute. He paid the back taxes on the camp and a few outstanding bills on the construction of the new cottage and voluntarily delivered the keys of the cottage to the plaintiff. He was willing at that time that her assumption of ownership go undisputed.

"Is the defendant estopped by his conduct at the time of the divorce hearing in Dedham from now asserting his title to the Hampton property? Dorothy Foley knew all the facts in regard to the title of this property. She knew that Dr. Foley [the defendant] paid for the lease and that his money paid for the erection of the cottage thereon. She knew that he had paid the land rental, taxes and all expenses for upkeep and maintenance. She likewise knew that she had made no claim of title from the time she and Dr. Foley separated in 1929 until May 7, 1934. From this brief summary of facts the master would recommend a ruling that the defendant is not estopped to assert his claim of title."

The findings do not warrant the adoption of this recommendation and the consequent dismissal of the plaintiff's bill, for, on the facts reported, it is clear that the plaintiff acquired the beneficial interest in the Hampton property by reason of the defendant's relinquishment of the resulting trust. Such relinquishment was legally effective even though the defendant "signed nothing."

"Where a resulting trust arises wholly by parol, as in the case of a purchase-money resulting trust, it is held by the weight of authority that no writing is necessary for its extinguishment." Scott, "Parol Extinguishment of Trusts in Land," 42 Harv. Law Rev. 849, 864. Such is the rule in this jurisdiction. *Page* v. *Page*, 8 N. H. 187, 195; *Dow* v. *Jewell*, 18 N. H. 340, 354; *Farrington* v. *Barr*, 36 N. H. 86, 88; *Hopkinson* v.·*Dumas*, 42 N. H. 296, 303. "These cases go on the general ground that an equity founded on parol proof may be discharged by parol. If the creation and continuance of a trust may be shown without any written declaration of trust, no higher degree of evidence should be required to show its extinguishment." 42 Harv. Law Rev. 849, 854. See, also, Restatement, Trusts, *s.* 460; 2 Bogert, Trusts and Trustees, *s.* 466, *p.* 1433.

In determining whether or not the defendant relinquished his interest in the beach property no consideration can be given to his undisclosed purpose. The decisive inquiry is, what would the defendant's conduct and the language and conduct of his counsel naturally lead a reasonable person in the plaintiff's position to infer. *Fitch Company* v. *Insurance Co.*, 82 N. H. 318, 319; *Watson* v. *Insurance Co.*, 83 N. H. 200, 202; *Cartier* v. *Casualty Co.*, 84 N. H. 526, 528; *C. & R. Const. Co.* v. *Manchester*, 89 N. H. 506.

When the evidence is subjected to this test, the only conclusion that can fairly be reached is that the defendant, being unable to effect an exchange of the Norwood property for the plaintiff's title

to the leasehold, definitely surrendered to the plaintiff in settlement of their financial affairs his beneficial interest in the Hampton cottage and land.

The agreement to pay the overdue taxes and the outstanding bills was merely a brief memorandum, signed by the defendant's attorney alone, in which it was agreed that the required payments would be made within sixty days. The master's conclusion that if there had been "an agreement in regard to the Hampton property" it should have been included in this memorandum is erroneous. *Connell* v. *Company*, 88 N. H. 316.

No facts have been found which would justify the granting of the prayer for an injunction. As to the other prayers for relief, the order is

*Decree for plaintiff.*

All concurred.