ALBERT E. PARKS *v.* EAMES REALTY COMPANY.

*Willoughby A. Colby* (by brief and orally), for the plaintiff.

*Dodge & Moulton* (*Mr. Moulton* orally), for the defendant.

JOHNSTON, J.   Since there is ample evidence to support the decree of the Trial Court and no error of law appears therein, it is unnecessary to consider what, if any, questions of law are raised by the general exception. *Eastman* v. *Waisman, ante,* 253.

The original contract called for $500 down, the assumption of a mortgage for $2,950 and the payment of $3,550 in installments of $500 each on August 15 and October 1, 1944, and each year thereafter, with interest as stipulated.   It was provided that default in any installment or interest should render the entire amount due and payable at once without notice.   The plaintiff also agreed to reimburse the defendant for carrying charges to the amount of $156 each

quarter in advance. When the plaintiff should have paid $2,000 on the principal sum, he was to receive a deed, provided he had faithfully performed all his covenants and agreements. The down payment of $500 was made. The 1944 payments on principal were excused in consideration of the plaintiff's taking care of another financial obligation owed by him.

The plaintiff admitted that on April 26, 1946, when he was notified in writing to quit the premises on May 4, 1946, he was in default for the principal sum of $500 due October 1, 1945. The Court found that he was also in arrears for the sum of $350.98 on carrying charges. Although no exception was taken to this finding, the plaintiff now disputes it. Defendant's exhibit E showed such balance due on the carrying charges. The plaintiff's testimony concerning this was as follows: "Q. . . . I am asking you if that is a fair statement. You can tell me. A. That is OK. Q. That is a fair statement? A. That is right." These arrearages, which had the effect of rendering the entire price due and payable at once without notice, together with evidence that Mr. Parks was dilatory in his payments, was released from certain payments because of the need of taking care of another obligation and was of a precarious financial status justified the Court in finding that the plaintiff had violated or neglected to fulfill one or more of the terms of the agreement or the covenants therein contained. The decree to the effect that the breach was material and that the defendant had a right to terminate the contract was within the discretion of the Trial Court. The sales agreement was ended and it necessarily follows that there cannot be specific performance of a contract justifiably terminated. Restatement, Contracts, s. 375, (1).

The plaintiff sought to vindicate his defaults by alleging an oral modification of the original agreement that in consideration of his continuing to improve and repair the hotel, he need pay the defendant only when he was able to do so. He failed to satisfy the Court that there was any such modification.

It is claimed on behalf of Mr. Parks that it is inequitable that he be made to suffer a forfeiture. Whether what was paid to the defendant is anything more than a reasonable rent for the premises is unknown. There is no finding that the plaintiff is suffering any such forfeiture as equity will give relief against; namely, loss or injury occasioned by the exercise of a legal right for purposes of injustice or oppression. *Tought* v. *Netsch*, 83 N. H. 374, 379. A finding of forfeiture that would entitle the plaintiff to relief was not compelled by the evidence.

Another argument by the plaintiff is that the decree is erroneous in ordering him to vacate, since there was no demand upon the plaintiff to pay any sum of money preceding the notice to quit of April 26, 1946. The agreement of September 7, 1943, exacts no such demand. It provides that the seller upon breach by the buyer may at his election require the latter to vacate upon seven days notice in writing. The defendant company made such election. Although the buyer is recited in said agreement to be in possession as a tenant and provision is made that upon the seller's election to have the premises he may retain all payments made as rent of the premises, the Landlord and Tenant Act (R. L., c. 413) does not apply so that the statutory requirement of demand for rent in the case of written leases must be given. A contract for the sale of real estate under which the vendee takes possession is not ordinarily a lease of the premises. *Williams* v. *Noiseux*, 43 N. H. 388, 389. After the election of the vendor to repossess the premises and keep the payments made, no further payments are due from the vendee, at least for any occupation prior to the termination of the notice to quit. The law does not require meaningless conduct. Since after the election no rent or other payments are due, no demand for money payments need be made. The notice to quit is a demand for the real estate. . The so-called "rent" is already in the hands of the vendor and there is no occasion for his demanding it.

*Decree affirmed.*

All concurred.