Hillsborough, } No. 3856.
Dec. 6, 1949. }

ANDRE E. CADORETTE & *a.* v. PATRICK P. LEVESQUE.

*Albert Terrien,* for the plaintiffs, filed no brief.

*Leonard G. Velishka* and *Alvin A. Lucier,* for the defendant, filed no brief.

JOHNSTON, C. J.   The nature of the issue between the parties is apparent from the following extract of the findings and rulings of the Court:

"In 1918 Edward [Z.] Shattuck conveyed the sixty acre and the two hundred acre tracts to one Cerear, at which time he took Mr. Cerear over the property, pointing out generally the bounds.   The boundary at the northerly corner was shown to be bounded on the new Amherst Road.   The description used was the same as that used in the deed of 1882 to Zachariah Shattuck, and also included the statement that they were the same premises as described in the deed of 1882.   The deed from Edward [Z.] Shattuck to Joe Cerear is recorded in the Hillsborough County Registry of Deeds, book 760, page 188.

"By deed dated one day later than the deed into himself, Joe Cerear conveyed to Joseph Zurwell, by deed which described the plot by the same language used in the deed of 1882, and stated that it was the same premises as was conveyed from Shattuck to Cerear, recorded in book 760, page 188.   Zurwell lived there three years, and in 1921 conveyed to Jean B. Cadorette.   This deed used the same description as the 1882 deed, and further stated that they were the same premises as were obtained from Cerear by deed recorded in book 760, page 270.

"Jean B. Cadorette died in 1939, and by will left his entire estate to his widow, who, in 1946, conveyed the triangular plot in question to her son, Andre E. Cadorette [and Loraine A. Cadorette], the petitioner[s].   In the meantime—that is, in 1934, the widow of Edward Z. Shattuck, in her release of dower, included the triangular plot in question, although it was not mentioned in the inventory of the estate. She and her children, in 1947, conveyed the triangular plot by specific description to the defendant, Patrick P. Levesque.   A dispute as to the ownership of the triangular plot therefore arose.

"It has already been found that Zachariah Shattuck, from 1882 until the time of his death, owned the triangular piece in question as a part of his Home Farm, and that the description contained in the deed of 1882 from George Shattuck et al to Zachariah Shattuck included the triangular plot.   Since this identical description has been used in all conveyances of the two hundred acre tract since that time, and since the deed of Edward Z. Shattuck to Joe Cerear and all subse-

quent deeds of the two hundred acre tract have by specific reference back purported to convey the same premises that were described in the previous deeds already found to have included the triangular plot, it is found that the triangular plot passed with the conveyances of the two hundred acre tract, and was at the time of his death, April 28th 1939, vested in Jean B. Cadorette, that it passed under his will to his widow, Emma Cadorette, and by her deed to Andre E. Cadorette and Loraine A. Cadorette, the petitioners."

We concur in the construction of the deeds by the Court to the effect that the parcel in question passed by the deed from Edward Z. Shattuck to Joe Cerear in 1918 and so to the plaintiffs.

Accordingly, the widow of Edward Z. Shattuck and her children could not in 1947 convey this plot by specific description or otherwise to the defendant, since they did not have title. Their deed was of no effect and constitutes a cloud on the title of the plaintiffs.

There is no error of law apparent on the face of the findings, rulings and decree and there is evidence to support the decree. The general exception to the findings, rulings and decree is therefore overruled. *Parks* v. *Company*, 94 N. H. 454.

The only other exception of the defendant is to the denial of his motion at the close of the plaintiffs' evidence that the bill be dismissed. The testimony of the attorney who searched the title of the triangular parcel and that of the other witnesses for the plaintiffs together with the exhibits made out a *prima facie* case.

*Decree affirmed.*

All concurred.