Strafford
No. 7377

DAVID A. WILSON & *a.*

v.

MELVIN E. CAME & *a.*

October 29, 1976

*Burns, Bryant, Hinchey, Cox & Shea (Mr. Donald R. Bryant orally)* for the plaintiffs, David A. and Marcia A. Wilson.

*Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran orally)* for defendants, Melvin E. and Rhenda M. Came.

LAMPRON, J.   Action by plaintiffs to recover damages resulting from a misrepresentation by the defendants as to the location of the southerly boundary of certain land and buildings in Dover which they sold to the plaintiffs. Hearing before *Mullavey,* J., who made certain findings and rendered a verdict for the defendant Melvin Came, his wife Rhenda having deceased. Plaintiffs' exceptions to the verdict and to the denial of their requests for findings and rulings were reserved and transferred.

The property in question known as lot No. 11 on the Carville Plan was conveyed to the plaintiffs on October 24, 1972. Defendants acquired this lot in 1954 as joint tenants with right of survivorship. Before building a house thereon, defendants negotiated with an agent of the owner of the Carville development to acquire a strip of land from lot No. 12 which adjoined their lot on the south. In exchange therefor defendants were to give a 20-foot strip at the easterly end of Lot No. 11, being the back part of their lot. The defendants never obtained a deed for the strip of lot No. 12 nor did they deed the 20-foot strip of their lot which was to be part of the exchange.

The trial court properly found that: "Pursuant to this oral agreement the defendant landscaped the thirty foot area [of Lot No. 12] and planted trees along the agreed line in the back of his lot. Thereafter the defendant made no claim to the area in the back of Lot No. 11 and he exercised dominion and control of the area to the south of his lot."

The evidence supported the trial court's finding that when the property was inspected by the plaintiffs and was shown to them by Melvin Came, acting for himself and his wife, "the defendant had landscaped the area [to the south] and had maintained it so that . . . it appeared to be a part of the lot which [plaintiffs] subsequently acquired." As a matter of fact the southerly boundary

line of lot No. 11 was approximately thirty feet northerly of the line as represented by the defendant.

The court further found that: "There can be no question but what the representations by the defendant with reference to the southerly boundary line were false, but they were not the result of fraud nor made with the intention to deceive.

"On the evidence it is found that the representations were negligently made in view of the fact that the oral agreement was not reduced to writing in the form of deeds effecting the transfer and the change in boundaries and that the defendant knew or should have known that this was required.

"The plaintiffs, however, were guilty of contributory negligence, since the deed was clear, precise and free of ambiguity and complied with the plan of the development and the ordinary person of average prudence would be led, or should have been led to the conclusion that the boundaries were not as represented. Verdict for defendant."

Negligent misrepresentations by a seller which cause financial loss to a purchaser can be the basis of an action for damages in this jurisdiction. *Weston v. Brown,* 82 N.H. 157, 131 A. 141 (1925); *see Garapedian, Inc. v. Anderson,* 92 N.H. 390, 393, 31 A.2d 371, 373 (1943). The measure of damages in such an action is the difference between the actual value of what the plaintiffs have received and the actual value of what they should have had if the property had been as represented. *Eno Brick Co. v. Barber-Greene Co.,* 109 N.H. 156, 160, 245 A.2d 545, 548 (1968); W. Prosser, Law of Torts § 110, at 734 (1971).

The plaintiffs paid $35,000 for the property. There was uncontradicted evidence by an expert that the difference in value of the house and lot as represented compared to its value without the 30 foot strip to the south was $2,500. The 20-foot strip in the back of lot No. 11 was taken into consideration in that figure. However, the trial court did not have to believe that this would be the amount of the unjust enrichment. *See* 12 S. Williston, Contracts § 1478 (Jaeger ed. 1970).

There has been an almost complete shift in the point of view from the old doctrine of *caveat emptor* that plaintiff had a duty to investigate the statements made to him to be able to recover in tort. W. Prosser, Law of Torts § 108, at 717, 718 (1971). However, "[t]he restitution claim stands in flat contrast to the damage action in this respect. The damages recovery is to compensate the plaintiff, and it pays him, theoretically, for his losses. The restitution

claim, on the other hand, is not aimed at compensating the plaintiff, but at forcing the defendant to disgorge benefits that it would be unjust for him to keep." D. Dobbs, Remedies § 4.1, at 224 (1973); W. Prosser, Law of Torts § 105, at 687-88 (1971).

Hence lack of care or contributory negligence on the part of the plaintiffs does not prevent them from obtaining restitution. "This is so because one is not penalized for lack of care unless this results in harm to someone else." Plaintiffs' contributory negligence did not harm the defendant in any manner. It is the defendant's own misrepresentation which has resulted in his being unjustly enriched at the expense of the plaintiffs. Restatement of Restitution § 59, Comment *a* (1937); *see Sipola v. Winship,* 74 N.H. 240, 246, 66 A. 962, 966 (1907).

It would appear highly inequitable to allow the defendant to profit from his wrongful act. "We know of no principle of equity now prevailing in this jurisdiction which would permit such a result." *Wiggin v. Peacock,* 95 N.H. 329, 331, 63 A.2d 245, 247 (1949). The trial court having jurisdiction of the matter should have entered a verdict for the plaintiffs to prevent unjust enrichment by the defendant as a result of his negligent misrepresentation. *Langevin v. Hillsborough County,* 114 N.H. 317, 320 A.2d 635 (1974).

*Plaintiffs' exceptions sustained.*
*Remanded for assessment of amount*
*of restitution.*

BOIS, J., did not sit; the others concurred.