Hillsborough
No. 80-379

MATTI V. PERKIO & a.

v.

GERALD R. PRUNIER

October 7, 1981

*Stanton E. Tefft*, of Bedford, by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*James S. Yakovakis & a.* on the brief and *Ronald J. Lajoie* orally), for the defendant.

PER CURIAM. The issues in this case are: at what point in time damages for an attorney's negligent representation that a parcel of land is free of encumbrances should be measured, and whether a plaintiff may recover for mental suffering as an element of damages in such an action.

In 1974, the plaintiffs, Matti Perkio and Joanne Keurulainen, now Perkio, signed a purchase and sale agreement for a tract of

land in New Ipswich, New Hampshire. To obtain financing, they went to a Massachusetts credit union. A Massachusetts attorney contacted the defendant, a New Hampshire attorney, to search the title to the property. The defendant reported that there were no liens or encumbrances on the property. The plaintiffs purchased the property in August 1974 by a deed that did not mention a right of way.

In the spring of 1975, the plaintiffs began to build a house on their land. That summer, a local real estate agent contacted the plaintiffs and informed them that he was selling a parcel of land abutting the back of their property and that there was a right of way over their land, in an undetermined location, to the back parcel. The plaintiffs advised him that their deed did not refer to a right of way.

In the spring of 1976, the plaintiffs moved into their half-finished house. At about that same time, they received two letters from an attorney representing the owner of the back parcel, informing them that their property was subject to a right of way and asking them to agree to establish its location. In March 1976, the back parcel was sold, and the new owner contacted the plaintiffs to establish the location of the right of way. In August 1976, the new owner of the back parcel cut a right of way over the edge of the plaintiffs' land to his property. The plaintiffs brought a petition to quiet title and to obtain an injunction against him and brought an action for damages for cutting the right of way. They also brought a negligence action against the defendant for his failure to disclose the existence of the right of way and his failure to timely obtain an injunction; they later sought to amend the complaint to seek damages for mental anguish.

The Master (*Earl Dearborn*, Esq.) ruled that the plaintiffs' land was subject to a right of way and that the strip cut by the owner of the back lot was the best location for it. He also found the defendant liable to the plaintiffs for his failure to disclose the existence of the right of way. The master assessed damages based on the diminution of the value of the property at the time the right of way had been cut, but he dismissed the plaintiffs' claim for mental anguish. *Souter*, J., approved the master's recommendations. The plaintiffs appeal.

The first issue is *when* damages should be measured. The master computed damages based on the difference in the value of the property without and with the right of way at the time it was physically established. Although the plaintiffs concede that the diminution in the value of the property is the correct measure of damages, they argue that the values should have been determined

at the time of trial, when the house was substantially completed, rather than at the time the right of way was cut, when the house was only half-finished. The defendant argues that the master should have determined damages at the time of the conveyance. We agree with the defendant.

In determining damages at the time the right of way was cut, the master seems to have relied on the rule that "a cause of action does not accrue until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof." *See Carson v. Maurer,* 120 N.H. 925, 936, 424 A.2d 825, 833 (1980). The question when a *cause of action accrues* is different from the question when *damages should be measured. See* D. DOBBS, HANDBOOK ON THE LAW OF REMEDIES § 5.4, at 343–44 (1973) [hereinafter "DOBBS"]. As a general rule, damages based on the diminution in value of land are measured immediately before and after the plaintiff's injury. DOBBS § 3.2, at 139. In measuring such damages, the time when the plaintiff discovers his injury is irrelevant. In the instant case, the injury the plaintiffs suffered due to the defendant's negligence is the purchase of land subject to a right of way of which they were unaware, not the actual cutting of that way. Damages therefore should have been measured as of the time they purchased the property. *DeVilliers v. Pioneer Abstract & Loan Co.,* 92 Okla. 80, 81, 218 P. 310, 311 (1923); *cf. Wilson v. Came,* 116 N.H. 628, 630, 366 A.2d 474, 475 (1976); *Willson v. Willson,* 25 N.H. 229, 238–40 (1852). The measure of damages may, of course, include consequential damages, if the plaintiff can prove that they were foreseeable. *See Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 611–13, 392 A.2d 576, 579–80 (1978).

This case demonstrates the difficulty of any other rule, for the plaintiffs would have their damages depend on the market price of a house they constructed on the property or the vagaries of when the case was scheduled for trial. The master erred in assessing damages based on the market value of the property at the time the right of way was cut, and we must remand the case for a reassessment of the amount of damages.

The other issue is whether the master erred in dismissing the plaintiffs' count seeking damages for mental suffering. The plaintiffs never consulted a physician with regard to their alleged suffering, and the master ruled that *Corso v. Merrill,* 119 N.H. 647, 653, 406 A.2d 300, 304 (1979), barred their claim because it required such injury to be "susceptible to some form of objective

medical determination and proved through qualified medical witnesses." We hold that *Corso* is not applicable in this context, *see Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 615, 392 A.2d 576, 581–82 (1978); however, the result of his ruling was not error.

The master's assessment of damages based on the value of the property at the time the right of way was cut is reversed, and the matter is remanded for reassessment of damages.

*Affirmed in part; reversed in part; remanded.*

DOUGLAS, J., concurs in the result only; BATCHELDER, J., did not sit.