Keene District Court
No. 78-145

<h1 style="text-align:center">JUVENILE CASE #1089</h1>

February 14, 1979

*Soule, Leslie & Bronstein,* of Salem (*Gerald M. Zelin* orally), for the Londonderry School District.

*Goodnow, Arwe, Ayer & Prigge,* of Keene (*Francis H. Ayer, Jr.* orally), for the Keene School District.

DOUGLAS, J. This case presents issues concerning liability for the payment of tuition for a neglected, handicapped child. The child in this case was born in 1966 and is mentally retarded. His parents moved to Londonderry in 1971, and placed the child at the Laconia State School in July 1972. The following summer he attended a behavior modification program at Camp Freedom in Ossipee, where he came into contact with employees of New Hope/New Horizons, Inc., a private training program in Keene. The director of New Hope placed the juvenile in the Swanzey home of one of the staff members so that he could attend the New Hope school. In December 1973, the child moved to a licensed foster home in Keene because the staff member had decided that she could not care for the child permanently. The child was officially discharged from the Laconia State School in January 1974. The foster parents then enrolled the child in the Keene State College program approved by the State for intellectually handicapped children. Coincidentally with the child's enrollment, the foster parents contacted the division of welfare and requested financial assistance to care for the child.

On September 23, 1974, the Keene District Court (*Talbot,* J.) determined that the child was neglected, awarded custody to the division of welfare, and ordered the town of Londonderry to pay for his support. From September 1974 to September 1977, however, the town of Londonderry, the Londonderry School District, and the Keene School District contributed nothing towards the child's support or tuition. In September 1977, the division of welfare petitioned the district court for an order concerning maintenance and tuition. The town of Londonderry agreed to assume responsibility for maintenance under RSA 169:11 at ninety dollars per month for one year starting in September 1977. On October 27, 1977, the district court, acting within its jurisdiction, ordered that the Keene School District was responsible for payment of the child's tuition as the district of residence.

RSA 186-A:8 II places the liability for tuition for handicapped children on the school district in which the child resides. The Keene School District requested an evidentiary hearing concerning its claim that the child was a resident of Londonderry and was not entitled to attend Keene schools under RSA 193:18-b because he had been placed in the Keene foster home solely for the purpose of attending school.

In a well-reasoned and comprehensive opinion issued after the hearing, the district court concluded that the child is handicapped under RSA ch. 186-A; that he was and is neglected under RSA ch. 169; that as a result he was placed in a licensed foster home as defined by RSA 170-E:1 X(e); and that liability for tuition under RSA ch. 186-A is separate and distinct from general liability for maintenance under RSA ch. 169. The district court made a factual finding that although the child had come to the Keene area to enable him to attend New Hope/New Horizons, he was placed in the foster home for the *dual* purpose of enabling him to live in a good home and attend the proper school program. This finding was based on testimony which established that the foster home was selected because it would provide a very appropriate, attentive, and caring environment for the child.

■ The court therefore concluded that the child was a resident of Keene, and ordered that the Keene School District is responsible for the child's tuition as specified under RSA 186-A:8 II (Supp. 1977) for any approved program. We affirm all factual findings of the district court because they could reasonably have been made on the evidence. *Archambault v. Adams*, 118 N.H. 634, 638, 392 A.2d 139, 142 (1978).

■■ The Keene School District argues that the child's residence under RSA ch. 186-A is determined by the application of the settlement law under RSA ch. 164-A. This argument is fundamentally unsound. The child in the present case is a "neglected child" as defined in RSA 169:2 I. Such a child does not have a "settlement" under the statutory requirements outlined in RSA 164-A:1. Therefore, settlement law is irrelevant to any issue involving the support of a neglected child. General support liability for neglected children is determined exclusively under the provisions of RSA ch. 169.

■ The Keene School District further argues that because the town of Londonderry is required by district court order under RSA 169:31-b (Supp. 1977) to pay the child's general support, Londonderry is also liable for the child's educational expenses. Although that statute does refer generally to the town's liability for "any expenses incurred" for the child's support, RSA 186-A:8 specifically provides that liability for the tuition for a handicapped child lies with the school district in which

the child resides. The district court correctly held that the specific statute controls over the general statute. *In the Matter of Albert Gamble*, 118 N.H. 771, 777, 394 A.2d 308, 311 (1978); *see State v. Wilton R.R. Co.*, 89 N.H. 59, 62, 192 A. 623, 625 (1937).

The basis for liability under RSA 186-A:8 is the child's residence. In the context of support orders for needy minor children in divorce proceedings, this court has stated that "the words 'residence' and 'resides' are slippery words having many meanings . . . ." *Ebelt v. Ebelt*, 103 N.H. 369, 371, 172 A.2d 363, 365 (1961). The court in that case concluded that residence was something less than legal settlement or domicile and that the place where the person dwells is his residence. The term "reside" has been construed as meaning "dwell" or "live in a place" in determining which school district is liable for tuition. *Lisbon School District No. 1 v. Landaff Town School District*, 75 N.H. 324, 326, 74 A. 186, 187 (1909). More recently, the court stated that RSA 194:27, which obligates the school district of residence to pay tuition, requires that "residence in a town or district for school purposes . . . be bona fide and not merely for the purpose of attending a particular school." *Luoma v. Keene School District*, 106 N.H. 488, 490, 214 A.2d 120, 122 (1965). The decisions in these cases follow the general rule adopted by many States that a student resides where he actually lives or dwells, unless he moved to the district solely or primarily for the purpose of attending its public schools. Annot., 83 A.L.R.2d 497, 516 (1962). RSA 198:23 and :24 further provide that certain tuition funds will be paid by the State to school districts in which there are foster children placed in foster homes by the department of welfare. These statutes suggest that the legislature intended that towns in which there are foster homes will be held responsible for the education of foster children residing in those homes, but will receive some State aid.

▮ Both the Londonderry and Keene School Districts requested that if we determine that the child is a resident of either town, the district of residence should be permitted to assign the child to an approved program in accordance with RSA 186-A:7. Under the district court's order, the Keene School District is required to pay for any approved program chosen by the foster family or the division of welfare. The State board of education has devised procedures by which school districts must assign handicapped students to educational programs. The procedures were designed to meet certain federal requirements to qualify for federal financial assistance. *See, e.g.*, 20 U.S.C. §§ 1412–15, as amended (Supp. VII 1977). If either the foster family or the division of welfare alone were permitted to choose the child's educational program, the federal requirements for the receipt of financial assistance would be violated. We, therefore, modify the district court's

order to allow the Keene School District to make an appropriate assignment under RSA 186-A:7 for the 1979–80 school year so as not to jeopardize the school district's ability to receive federal aid. The child may remain at the Keene State College program for the rest of the 1978–79 school year so that his education will not be disrupted. Keene will be liable for tuition for those school years, and any subsequent years during which the child resides in Keene, up to "twice the state average cost per pupil of the current expenses of operation of the public elementary, junior high or high school as estimated by the state board of education . . . ." RSA 186-A:8 II, as amended by Laws 1978, ch. 30. Keene is also liable for tuition for the 1977–78 school year up to the then existing rate of the State average cost per pupil. RSA 186-A:8 II.

*So ordered.*

All concurred.