Strafford
No. 83-193

*In re* LAURIE B. *& a.*

December 31, 1984

*Ronald K. Lospennato*, of Concord, Developmental Disabilities Advocacy Center, Inc., by brief and orally, for Laurie B. and Edward B.

*Wescott, Millham & Dyer*, of Laconia (*Peter V. Millham* on the brief and orally), for Merrimack Valley School District.

*Soule, Leslie, Bronstein & Zelin*, of Salem (*Gerald M. Zelin* on the brief and orally), for the City of Rochester and the Rochester School Board.

PER CURIAM. The Rochester District Court (*Cooper, J.*) on November 12, 1980, placed Laurie B. in the Rivendell School in Loudon as a neglected child under RSA 169-C:19 (Supp. 1979). At the same time, the court ordered the City of Rochester to pay for the cost of the placement and Laurie's father, Edward B., to reimburse

the city for the cost. *See* RSA 169-C:27, I (Supp. 1979) (current version at RSA 169-C:27, I (Supp. 1983)). Laurie and Edward B. later moved in district court to terminate Edward B.'s financial liability on the basis that Laurie ought to have been placed as an educationally handicapped child at public expense. The district court denied their motion, and they unsuccessfully appealed to the Superior Court (*Goode*, J.). We affirm.

Laurie was a resident of the city of Rochester in August, 1980, when the New Hampshire Division of Welfare filed a child neglect petition on Laurie's behalf under RSA chapter 169-C. The Rochester District Court assumed jurisdiction over Laurie's case until it ended its supervision of Laurie's placement on September 1, 1981. Edward B. then moved to terminate his obligation to reimburse the City of Rochester for placement costs and to have the city repay him the amount that he had already paid, on the ground that the Rochester School District is liable for Laurie's education under former RSA chapter 186-A (Supp. 1979) and RSA chapter 186-C (Supp. 1981), the special education laws in effect during the placement.

In denying the motion, the district court ruled on November 18, 1981, that Laurie had been adjudicated a neglected child and that the liability order was proper under RSA 169-C:27. The district court further ruled that the provisions of former RSA chapter 186-A and RSA chapter 186-C did not supersede the court's authority under RSA 169-C:27 to order Edward B. to reimburse the city for the placement costs.

The child and her father then filed an action in superior court to terminate Edward B.'s financial liability for Laurie's placement. They joined as a party the Merrimack Valley School District, within which the Rivendell School was located. In addition to seeking a review of the district court record, they sought an evidentiary hearing on the nature of Laurie's special education needs, contending that, as an educationally handicapped child, Laurie was entitled to have the Rochester School Board and the Merrimack Valley School District pay for an appropriate special education. Supporting Laurie's claim is the fact that the Rochester school system developed a special education program for Laurie in June, 1980, prior to her neglect placement.

On appeal, the Superior Court (*Goode*, J.) limited its review to the record of the district court's order of November 18, 1981. The superior court denied Laurie and Edward B.'s request for an evidentiary hearing on the special education issue, granted a motion by the Merrimack Valley School District to be dismissed as a party to the action, and affirmed the district court order denying Edward B.'s motion to terminate his liability to reimburse the City of Rochester.

On appeal to this court, the child and her father contend that the superior court erred in affirming the district court order without conducting an evidentiary hearing on the nature of Laurie's special education needs and in dismissing the Merrimack Valley School District as a party. They request us to vacate the district court support order or, alternatively, to remand to the superior court for an evidentiary hearing on Laurie's special education needs.

The child and her father present a number of arguments for relieving Edward B. of financial liability. First, they argue that, in placing Laurie as a neglected child, the district court violated their rights under RSA chapter 169-C. Second, they argue that the district court order denied Laurie her right to a free special education program under the Education of the Handicapped Act, 20 U.S.C.A. §§ 1400–1454 (West 1978 & Supp. 1983), under RSA chapter 186-C (Supp. 1983) and under former RSA chapter 186-A (Supp. 1979). They contend that, as an educationally handicapped child, Laurie was entitled under these statutes to a special education program at the expense of the Rochester or Merrimack Valley School Districts and that the imposition of liability on her father for the costs of the placement contravened her rights under these statutes. Third, they argue that the district court order violated Laurie's right to a free public education under RSA 189:1-a (Supp. 1983). Finally, they argue that the district court order discriminated against Laurie as a neglected, handicapped child and, consequently, denied her equal protection under the State and Federal Constitutions. We consider these arguments in turn.

RSA 169-C:27, I (Supp. 1979) (current version at RSA 169-C:27, I (Supp. 1983)) identified the party liable for a neglect placement when Laurie's neglect petition was filed. The statute provided that the town in which a child resides when a neglect petition is filed must pay for placement expenses and may seek reimbursement for these expenses from the person legally liable for the child's support. *Id.* The district court found Rochester primarily, and Edward B. secondarily, liable for Laurie's placement. In 1983, after the events giving rise to this case, RSA 169-C:20 was amended to make the neglect statute, RSA chapter 169-C, consistent with the special education statute, RSA chapter 186-C. The amended version, RSA 169-C:20 (Supp. 1983), authorizes a district court to join a school district as a party to a child protection proceeding and to direct the school district to determine whether a child is educationally handicapped for the purposes of RSA chapter 186-C. The version of RSA chapter 169-C in effect at the time of Laurie's placement, however, did not authorize a district court to join a school district. The

Rochester District Court therefore acted in accordance with the statute in ordering Laurie's neglect placement without considering Laurie's special education needs. The superior court therefore properly affirmed the liability order of the district court.

We next turn to Laurie and Edward B.'s argument based on the special education laws. The current version of New Hampshire's special education statute is RSA chapter 186-C (Supp. 1983), which superseded RSA chapter 186-A (Supp. 1979) on July 1, 1981, during the course of Laurie's neglect placement. The New Hampshire special education statute represents this State's effort to comply with the requirements of the Education of the Handicapped Act, 20 U.S.C.A. §§ 1400–1454 (West 1978 & Supp. 1983). *Garrity v. Gallen*, 522 F. Supp. 171, 221 (D.N.H. 1981), *aff'd*, 697 F.2d 452 (1st Cir. 1983); *Petition of Milan School District*, 123 N.H. 227, 230–31, 459 A.2d 270, 272–73 (1983). School districts are required by statute to develop programs, approved by the State Department of Education, for educationally handicapped children. RSA 186-C:7 (Supp. 1983); RSA 186-A:7 (Supp. 1979). In order to qualify for federal assistance for its special education programs, a State must establish a policy that provides handicapped children with the right to a "free appropriate public education." *Petition of Milan School District*, *supra* at 230, 459 A.2d at 272–73 (quoting Education for All Handicapped Children Act, 20 U.S.C. § 1412(1) (1976)).

New Hampshire law establishes an administrative appeals process in which parents may participate in developing individualized education programs for their educationally handicapped children and may appeal decisions of a school district to the State Board of Education. RSA 186-C:7 (Supp. 1983). Any party aggrieved by a decision of the board of education may appeal the administrative decision to a State trial court or United States District Court. *Petition of Darlene W.*, 124 N.H. 238, 240, 469 A.2d 1307, 1309 (1983); *Petition of Milan School District*, *supra* at 232, 459 A.2d at 274. The court may then review the record of the administrative proceedings and hear additional evidence. *Petition of Milan School District*, *supra* at 232, 459 A.2d at 274; *see Petition of Darlene W.*, *supra* at 241, 469 A.2d at 1309–10 (petition for writ of certiorari dismissed because additional evidence could not be considered in certiorari review).

■ Under the special education statutory scheme, the superior court is not the proper forum to decide in the first instance whether Laurie was entitled to special education. Laurie and Edward B.'s claim to special education rights was not presented in superior court following resort to the administrative procedures established by the

special education laws. The superior court therefore properly declined to intervene by undertaking an evidentiary hearing on special education issues in this case and also properly dismissed the Merrimack Valley School District as a party to this action.

We are also not persuaded by the argument of the child and her father regarding RSA chapter 189. RSA 189:1-a (Supp. 1983) provides for free public education. In construing conflicting statutes, a specific statute controls the construction of a general statute. *See Juvenile Case #1089*, 119 N.H. 64, 67, 398 A.2d 65, 67 (1979). Here, the neglect statute specifically states that a person legally liable for the support of a child is liable for the costs of neglect placement. *See* RSA 169-C:27 (Supp. 1983). Nothing in the statute suggests that this liability does not include the cost of placement education. We therefore find that this specific prescription is effective, notwithstanding the general guarantee of RSA 189:1-a (Supp. 1983) to the contrary.

Finally, the equal protection argument of the father and child is without merit. Equal protection of the laws requires that similarly situated persons be treated similarly. *Opinion of the Justices*, 115 N.H. 222, 223, 337 A.2d 354, 356 (1975). Because Laurie and Edward B. failed to exercise whatever statutory rights they may have had as the special education laws expressly contemplate, they have no basis to assert that, in the administration of these statutes, they were denied their statutory rights and were thereby discriminated against or treated dissimilarly from others similarly situated. *See Smith v. Robinson*, 104 S. Ct. 3457, 3469–70 (1984) (plaintiff may not circumvent administrative remedies of the Education of the Handicapped Act by relying on 42 U.S.C. § 1983 to assert federal equal protection claim).

*Affirmed.*