EDGAR P. LESSARD *v.* WILLIAM H. SLEEPER.

*Charles J. Griffin* (by brief and orally), for the plaintiff.

*Wayne J. Mullavey* (by brief and orally), for the defendant.

DUNCAN, J. The master correctly ruled that the contract required the deed, mortgage, and bill of sale to be held in escrow until the plaintiff should pay the sum of $5,000 on account of the purchase price. While the first paragraph of the agreement included the note for $15,000 in the instruments to be held in escrow, the second paragraph provided that the defendant should have the right to deposit the note as collateral security, and that it should bear interest at once. The plaintiff paid the interest on the note to August 29, 1947, and on July 28, 1948, paid $1,000 on account of the principal. The effect of the provision of the contract dealing specifically with the note, and of the action of the parties, was to make the note effective at once, notwithstanding the earlier provision of the contract.

The plaintiff incurred an unconditional obligation to purchase the premises for $15,000. Collateral to this undertaking was the agreement that the property should be conveyed to him, and delivery made to the defendant of a mortgage of the property and other premises owned by the plaintiff, when the latter's obligation evidenced by the note should be reduced to $10,000. Specifically it was provided that the deeds should be delivered and title pass "when the sum of Five Thousand Dollars . . . has been paid . . . and this sum . . . shall be paid on or before September 1, 1948." Had the parties intended that the deed and mortgage should take effect on the specified date regardless of payment, payment obviously would not have been made a condition precedent. From the standpoint of the plaintiff, who was doubtful of his ability to raise funds in the face of other substantial indebtedness, his undertaking was to take title to the property, and in turn to mortgage it with other property owned by him, only if he were successful in paying the first five thousand dollars. He agreed to jeopardize his other property only to the extent of a ten thousand dollar balance, and not as security for payment of the full purchase price. His undertaking, so far as the mortgage was concerned, was conditional, and to this condition the defendant agreed. In breach of the agreement, the defendant procured the mortgage deed, and recorded it on September 13, 1946. His action was unknown to the plaintiff until 1949, and played no part in the plaintiff's default. The delivery to the defendant has never been ratified by the plaintiff nor recognized by him as valid.

The escrow agreement was for the protection of the plaintiff as well as the defendant, since property already owned by the plaintiff was included in the mortgage. While the defendant might and did undertake to waive the condition with respect to his own deed, he had no power to waive it so far as it related to the plaintiff's mortgage deed. In effect the plaintiff retained control over delivery of the mortgage deed, so that technically it may not have been in escrow. See *Cook* v. *Brown*, 34 N. H. 460; Restatement, Contracts, *s.* 103, and New Hampshire annotations. In any event, according to well established principles, the delivery of the mortgage to the defendant was invalid, and the mortgage has never become effective. *McCabe* v. *Company*, 90 N. H. 80, 85, and cases cited. See also, *Stavers* v. *Stavers*, 69 N. H. 158; annotation, 48 A. L. R. 401. The defendant can take no title under the mortgage either to the premises described in his deed to the plaintiff which the latter has never accepted (see *Johnson* v. *Farley*, 45 N. H. 505), or to the plaintiff's hotel property

also described in the mortgage deed. Outstanding in the hands of the defendant the mortgage constitutes a cloud on the defendant's title to the hotel, and a constant threat of foreclosure by power of sale.

The plaintiff is entitled to the relief which he seeks, unless he is barred in equity by reason of his breach of his undertaking to purchase. Under ordinary circumstances, a decree for cancellation will not be entered unless the plaintiff offers to do equity (2 Pomeroy, Equity Jurisprudence, 5th *ed.*, 79), and this he has not offered to do. It is not an obstacle to a decree in his favor however, since a conditional decree may be entered. *Thorpe* v. *Packard*, 73 N. H. 235; 2 Pomeroy, *op. cit.* 82, 83. The defendant asserts a right to damages alleged to have been occasioned by the plaintiff's breach of his agreement to purchase. It does not appear that consideration was given to the possibility of conditional relief. Having taken jurisdiction, equity may proceed to determine the respective rights of the parties if equity may thus be done. *Shaw* v. *Abbott*, 61 N. H. 254; *Oullette* v. *Ledoux*, 92 N. H. 302, 306. If the plaintiff is able and willing to pay upon their assessment by the Court, such damages, if any, as may have been occasioned the defendant by his breach, no reason is now apparent why upon appropriate motion the case should not be reopened for trial of the issue of damages and such other matters as the Superior Court may determine, and for the entry of a decree of cancellation, upon payment of the damages. If the plaintiff is not able and willing, the order of dismissal should stand.

*Bill dismissed nisi.*

All concurred.

Rockingham,
July 6, 1950. } No. 3923.