Hillsborough,
No. 4223.

JAMES J. BARRY, *Comm'r v.* FRANCIS X. CARROLL, *Comm'r.*

Argued September 1, 1953.

Decided September 22, 1953.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Assistant Attorney General and *Elmer T. Bourque*, Law Assistant (*Mr. Waters* orally), for the plaintiff.

*J. Francis Roche*, city solicitor (by brief and orally), for the defendant.

Duncan, J. In support of his petition the plaintiff asserts that the defendant is under a plain duty (*Goodell* v. *Woodbury*, 71 N. H. 378, 381) to pay the expense of maintenance and care of the Kula children by reason of the provisions of R. L., c. 127, s. 10. Relying upon *Plymouth* v. *Haverhill*, 69 N. H. 400, the defendant maintains that since the parents have been found capable of furnishing support up to thirty dollars a week, the children are not paupers and that consequently the defendant's duty extends only to the payment of necessary expenses in excess of that amount, which he is willing to pay.

The issue must be determined according to the applicable statutes. Revised Laws, chapter 124, contains provisions of long standing relating to the "Support of . . . Paupers." The chapter applies to persons who are "poor and unable to support" themselves (s. 1.). The order of the Superior Court providing for support by the parents implies a finding of ability to furnish support to the extent required by the order. It is apparent however that the total of thirty dollars a week so fixed was in fact insufficient to furnish the children "such support as [their] condition demanded." *Plymouth* v. *Haverhill*, *supra*, 401, 402. In this situation it is at least arguable that the parents were not of "the sufficient ability required by the statute to render [them] liable," and that the city is therefore under an obligation to support them as paupers. *Id.*, 401. See also, *Litchfield* v. *Londonderry*, 39 N. H. 247. Other statutory provisions however make it unnecessary to rely upon this proposition.

In 1895, special provision was first made for the "maintenance of dependent minor children," requiring that subject to some exceptions minors between the ages of three and fifteen be supported in homes

rather than alms-houses. Laws 1895, c. 116. In 1897, certain duties and powers in this connection were assigned to the State Board of Charities, predecessor of the present Department of Public Welfare. Laws 1897, c. 91. Finally in 1917, the same agency was charged with general supervision of the care and housing of all dependent and neglected children, with authority to procure homes for them. Laws 1917, c. 104. This enactment contained the provisions which now appear in R. L., c. 127, s. 10, by which after approval by the overseer of the poor "the expense for the maintenance and care" of such a child is required to be "borne by the ... city or town legally chargeable for its support if it were a public charge," and a right of action over was conferred upon the municipality to recover such expense from the parents. Laws 1917, *supra*, s. 2.

It is reasonably plain from the course of the legislation described that it was the purpose of the Legislature to provide special treatment for children in need of support, and to establish procedures by which their needs might be met at public expense as they arose, with subsequent reimbursement from parents capable of furnishing support. To hold as the defendant would have us do, that he is under no duty to furnish support to the children in the plaintiff's custody because the parents have been found capable of contributing toward it would defeat the evident purpose of the Legislature.

It may be as the defendant contends that existing procedure casts a financial burden upon towns, necessitates the hiring of counsel, and might tend to encourage laxity in the enforcement of support orders and in collection thereunder by the Probation Department. These are disadvantages which the Legislature presumably weighed against the advantages of immediate care for dependent minors. The procedure established is consistent with the "safe and benevolent general rule" upon which the statutes relating to paupers have traditionally rested. *Moultonborough* v. *Tuftonborough,* 43 N. H. 316, 318. In any event, the defendant's argument goes to the issue of the wisdom of the legislation, which is not a concern of the judiciary. *McIntire* v. *Borofsky,* 95 N. H. 174, 178.

At the last session of the Legislature the right of action of towns against "whoever is legally chargeable for the child's support" was confirmed, and the Superior Court authorized in divorce proceedings to order the town of residence to bear the expense of maintenance of any child placed in the custody of the plaintiff,

and to make "orders of reimbursements" to such a town. Laws 1953, *c.* 147. *Cf.* Laws 1953, *c.* 205, *s.* 2. Towns and cities (R. L., *c.* 7, *s.* 5) have thus been placed in a position to seek relief in divorce proceedings, and the legislative purpose of 1917, to place the burden of the expense of the care of children upon the municipality in the first instance, has been reasserted.

The provisions of R. L., *c.* 127, *s.* 10, are not restricted in their application to children of parents who are divorced. It should not be assumed that when they are applied to such children the statutory obligation placed upon the municipalities will operate to relieve the divorced parents of a duty to furnish support in accordance with orders duly made in divorce actions. The order in this case requires that the parents make weekly payments. The defendant is entitled to assume that they will comply with the order. With respect to amounts ordered to be paid by them, his obligation arises only upon their default; but it thereupon arises at once. As to expenses over and above those for board and care, such as the expense of clothing and medical attention, the defendant's obligation arises when an approved expense is incurred or required. In either case, payment by him will give rise to the statutory right of reimbursement.

Since any order for future maintenance by the city may require "a long series of continuous acts" (*Goodell* v. *Woodbury, supra,* 381), it should be sought under Laws 1953, *c.* 147. Mandamus may properly issue if necessary to require the payment of expenses currently owed.

*Case discharged.*

All concurred.