Grafton,
No. 4930.

LENORE BLAKE EBELT *v.* MARTIN FREDERICK EBELT.

Submitted June 6, 1961.

Decided June 30, 1961.

370

*Gardner C. Turner*, Attorney General, and *Frederic T. Greenhalge*, Assistant Attorney General for the State of New Hampshire.

*Mack M. Mussman* for the town of Bethlehem.

*Luigi J. Castello* for the town of Bath.

KENISON, C. J.  The issue presented in this case is the proper construction of the phrase "the town in which the child resides at the time the order is made" in the statute which was enacted by Laws 1953, *c.* 147, *s.* 1, and now appears as RSA 458:18.  The statute reads as follows:  "ORDERS FOR SUPPORT.  Whenever the court, acting under the foregoing sections, shall award the custody of a child to the commissioner of public welfare, the court shall make a further order requiring *the town in which the child resides at the time the order is made* to bear the expense for the maintenance and care of said child, and the town shall have a right of action over for such expense against whoever is legally chargeable for the child's support, and the court may make orders of reimbursements to town of residence as may be reasonable and just." (Emphasis supplied).

Historically in this state aid to the indigent and the needy has been assumed by the town or city (RSA 165:19) in which the person has a "legal settlement" as defined in RSA 164:1 and by the county

in those cases where the person receiving aid has no legal settlement. RSA 166:1. The determination of a person's domicil and legal settlement and the consequent liability of a particular town or county at times have presented sticky problems which have not been always settled with dispatch. *Manchester* v. *Hillsborough,* 100 N. H. 79; *Belknap County* v. *Carroll County,* 91 N. H. 36; *Wolfeboro* v. *Milton,* 103 N. H. 174.

The provisions of RSA 458:18 clearly indicate an intent to initially place municipal liability for support of children committed to the Commissioner of Public Welfare on a different basis than poor relief generally. The statute was aimed at providing a convenient, expeditious and readily ascertainable method to allow the court to make an order for support against the town in which the child was at the time the order was made. *Barry* v. *Carroll,* 98 N. H. 290, 292-293. See *Lisbon School District* v. *District,* 75 N. H. 324. Prompt aid to needy children was another principal objective of the statute. A similar provision exists in the statutes relating to neglected and delinquent children. RSA 169:7; Laws 1953, c. 205, s. 2. This order could be made without reference to domicil or legal settlement and it was only necessary to determine where the child was residing at the time the order of custody was made. While it is true that the words "residence" and "resides" are slippery words having many meanings, it is reasonably evident that they were used in this statute to mean something less than legal settlement and something less than domicil. The child committed to the Commissioner of Public Welfare under this statute was to receive care and maintenance by the town in which the child was found whether it was his domicil or not. See Restatement (Second), Conflict of Laws, s. 9, *comment* j, (Tent. Draft No. 2 1954). The town can be protected since the statute provides that it has a right of action against the person or the governmental subdivision legally chargeable for the child's support. RSA 167:45, 52. The town paying for the maintenance and care of children residing within its borders may be further protected by court order for reimbursement against the town ultimately responsible.

In the present case the children were being cared for in the town of Bath at the time the divorce order was made and presumably are still there. The Court may make an order requiring the town of Bath to pay for the care and maintenance of the children and may make such order for reimbursement either against the parents or the town of Bethlehem as the facts may warrant. To avoid

circuity of action the Court could make the order directly against the persons and governmental subdivisions legally chargeable for the child's support if all parties are before it at the time the order is made.

In concluding summary the Court is advised that the word "resides" in RSA 458:18 means the place where the person dwells without regard to domicil (Restatement (Second), Conflict of Laws, *s. 9, comment* j (Tent. Draft No. 2 1954) ) ; that the order for care and maintenance of the children should run against the town of Bath with such order of reimbursement against the town of Bethlehem or others as may be warranted by the facts determined at any subsequent hearing.

*Remanded.*

All concurred.