Cheshire,
No. 5219.

SAVINGS BANK OF WALPOLE

*v.*

MAURICE FRENCH & *a.*

Submitted April 9, 1964.
Decided June 2, 1964.

*Faulkner, Plaut, Hanna & Zimmerman,* for the plaintiff Savings Bank of Walpole, submitted no brief.

*Howard B. Lane* (by brief), for the defendant Alfred Chickering.

*Harry C. Lichman* for the defendant Casper C. Bemis, Jr., submitted no brief.

The defendants Maurice French and Virginia French submitted no briefs.

BLANDIN, J. The agreed statement of facts upon which we are asked to determine to whom the surplus funds of the foreclosure sale should be distributed, is as follows:

"1. On September 24, 1960 Maurice French and his wife, Virginia French, who were the joint owners of certain real estate situated in Westmoreland, New Hampshire, mortgaged said real estate by a statutory power of sale mortgage to the Savings Bank of Walpole. This mortgage was recorded on September 24, 1960 in Vol. 674, Page 339 of the Cheshire Registry. At the time of this mortgage, both Maurice French and his wife, Virginia French were living on this property and they continued to make this property their home until after the day that the Savings Bank of Walpole foreclosed on said property.

"2. On October 17, 1960 Casper C. Bemis, Jr., Assignee, attached the interest of Maurice French in said real estate in an action brought by Casper C. Bemis, Jr., Assignee vs. Maurice French. This action was marked continued for judgment on December 6, 1960.

"3. On August 13, 1962 the Savings Bank of Walpole, after due notice to all parties interested, foreclosed the mortgage described above and at the time of the foreclosure sale the amount owed on the mortgage for principal, interest, taxes, and the cost of the sale was $5,364.02. The property sold at the foreclosure sale for $6,200 leaving a surplus in the hands of the Savings Bank of Walpole of $835.98.

"4. On December 20, 1962 Maurice French, for a good and

sufficient consideration, assigned to Alfred Chickering his equity, if any, in the surplus money held by the Savings Bank of Walpole."

In *Manchester Sav. &c. Ass'n* v. *Emery-Waterhouse*, 102 N. H. 233, we held that "surplus funds in the hands of the mortgagee, after a foreclosure of a power of sale mortgage and satisfaction of the secured indebtedness and expenses, are the property of the mortgagor, subject however to encumbrances and liens existing at the time of the foreclosure." *Id.*, 236-237. No action has ever been brought against Virginia, formerly joint owner with Maurice and now joint owner with Chickering, Maurice's assignee. No liens or other encumbrances, save the mortgage which has now been satisfied, exist as against her interest in the surplus funds held by the bank. She is therefore, as joint owner, entitled to one half this surplus. *Manchester Sav. &c. Ass'n* v. *Emery-Waterhouse, supra*, 238-239; see *Davis* v. *Barnard*, 60 N. H. 550.

The mortgagor, Maurice French has assigned his one-half interest in the foreclosure surplus to Albert Chickering, who now stands in Maurice's shoes. Maurice and Virginia continued to be the equitable owners of the surplus fund after foreclosure, subject to any enforceable liens thereon. Since they occupied the premises until after the foreclosure sale, they each retained a homestead right in the surplus, amounting to $1,500 in value (RSA 480:1; *McLaughlin* v. *Collins*, 75 N. H. 557), which is exempt from attachment. RSA 480:4. *Manchester Sav. &c. Ass'n* v. *Emery-Waterhouse, supra*, 238; 3 Jones on Mortgages (8th *ed.*) s. 2177, *p.* 697. See *Beland* v. *Goss*, 68 N. H. 257. While the homestead right was doubtless subject to the mortgage, the mortgage was satisfied without resort to the full value of this right. The fact that the claim of the mortgagee was paramount to the right, would not serve to confer priority over the homestead right upon other creditors. I American Law of Property, s. 5.97, *p.* 855, note 20; *Melville Lumber Co.* v. *Maroney*, 145 Neb. 374.

We conclude that the surplus fund is exempt from the attachment lien of Bemis, assignee, the nature and source of whose assignment does not appear from the record. Since the value of the homestead exemption exceeds Maurice's interest in the surplus fund, Chickering, as assignee of the interest of Maurice French therein, is entitled to one half of the fund.

Our answer to the transferred question therefore is that the surplus proceeds of the foreclosure sale should be divided equally between Virginia French and Albert Chickering.

*Remanded.*

All concurred.