J-S74042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KENNETH BERNARD SCHADE | |
| Appellant | No. 3679 EDA 2015 |

Appeal from the PCRA Order November 9, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000681-2014, CP-45-CR-0000917-2014

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                **FILED NOVEMBER 03, 2016**

Kenneth Bernard Schade appeals from the order entered November 9, 2015, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court's opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 11/9/15, at 1-2.  On July 14, 2014, Appellant entered into a negotiated guilty plea to one count of statutory sexual assault and two counts of possessing child pornography.[1]  The underlying facts of Appellant's first case were that, between 1995 and 1997, he had sexual relations with

---

[1] 18 Pa.C.S. § 3122.1(a) and 18 Pa.C.S. § 6312(d), respectively.

[*] Former Justice specially assigned to the Superior Court.

S. T., a person less than sixteen years of age. In the second case, Appellant possessed 1,101 images of child pornography.

In exchange for this plea, the Commonwealth agreed to *nolle pros* the remaining charges on both dockets. At docket number 681-2014, the charges of Rape—Forcible Compulsion, Involuntary Deviate Sexual Intercourse with Person Less than Sixteen Years of Age, Aggravated Indecent Assault with Person Less than Sixteen Years of Age, and Corruption of Minors were *nolle prossed*.[2] At docket number 917-2014, 1,099 additional counts of possessing child pornography were *nolle prossed*.

On January 7, 2015, the court held a hearing pursuant to 42 Pa.C.S. § 9799.24(e) to determine if Appellant met the criteria to be classified as a sexually violent predator (SVP) and immediately thereafter proceeded to sentencing. The court found that Appellant was an SVP and sentenced him to an aggregate of 54 to 120 months' incarceration.[3]

On April 29, 2015, Appellant *pro se* filed a petition for PCRA relief, which the PCRA court dismissed as premature. On July 7, 2015, Appellant timely filed a counseled petition seeking PCRA relief, claiming that prior counsel unlawfully induced his guilty plea. On September 14, 2015, the PCRA court held an evidentiary hearing on the petition.

---

[2] 18 Pa.C.S. § 3121(a)(1), § 3123(a)(7), 3125(a)(8), and 6301(a), respectively.
[3] Although Appellant filed a post-sentence motion to modify his sentence, which the court denied on April 15, 2015, he did not file a direct appeal.

Plea counsel, Philip Lauer, testified that he extensively discussed the plea agreement with Appellant and the reasons the agreement was beneficial to him. **See** Notes of Testimony (N. T.), 9/14/15, at 5-26, 33, 40, 44-45. Specifically, Mr. Lauer discussed the high volume of serious charges brought against Appellant and the possibility of a lengthy consecutive sentence. **Id.** at 31-32. Mr. Lauer knew Appellant was unhappy with the outcome of the agreement and had discussed Appellant's misgivings with him, but he believed Appellant understood and accepted the reasoning and benefits behind the plea agreement. **Id.** at 33, 44-45, 48. Mr. Lauer was aware of Appellant's physical maladies and Appellant's proposed defenses. **Id.** at 26-28.

Appellant testified that he informed Mr. Lauer of proposed defenses to the crimes of which he was accused. **See** N. T., 9/14/15, at 54-56. He claimed he did not adequately read or review his guilty plea colloquy, and Mr. Lauer demanded he sign it. **Id.** at 59-61. Appellant claimed he wrote numerous letters to Mr. Lauer stating he did not wish to take a plea bargain and "do perjury." **Id.** at 64. Appellant claimed he could not hear any of the questions posed by the court at the guilty plea colloquy. **Id.** at 65-66.

On November 9, 2015, the PCRA court issued an order and memorandum opinion dismissing Appellant's petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a 1925(a) statement incorporating its prior memorandum opinion.

Before this Court, Appellant raises the following issue:

Should the court permit the seventy-five year old defendant to withdraw the guilty plea where: defendant was overwhelmed by the destruction of a life's work, was overwhelmed by his "outing" as a homosexual, was hearing impaired and in poor physical and emotional health due to his age, he steadfastly denied a crime had actually occurred because the sexual acts were consensual and initiated by the complainant, the pictures were protected by the first amendment, and defendant was essentially unaware that he could request to withdraw his plea before April 2015?

Appellant's Brief at 4 (unnecessary capitalization omitted).[4]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Although his statement of the question involved is unartfully phrased, essentially Appellant raises a single issue: counsel was ineffective in advising

_____

[4] To the extent that Appellant attempts to raise other claims in relation to or support of this issue, he does not return to them in the argument section of his appellate brief; therefore, these claims are waived for lack of development. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue); **see also** Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief).

him to accept a negotiated guilty plea.[5]  Appellant raises two arguments in support of this issue: 1) that counsel unlawfully induced his guilty plea, and 2) that he suffered from a diminished mental capacity and could not understand what was occurring during the proceedings.  Thus, Appellant concludes that his plea was involuntary.

We presume counsel is effective.  ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).  To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted).  "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  ***Id.***  A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008)

---

[5] Appellant raised the same issue, challenging plea counsel's advice, in his counseled amended PCRA petition, argued it before the court at the evidentiary hearing, his brief in support of his PCRA, and raised it again in his 1925(b) statement.  ***See*** Appellant's amended PCRA petition at 4-5; PCRA evidentiary hearing, 9/14/15 at 5-87; Appellant's PCRA brief at 1-11; Appellant's 1925(b) statement, at 1.

(citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007));

***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Where an appellant asserts that counsel unlawfully induced his guilty plea that claim is cognizable under the PCRA's ineffectiveness subsection. ***See Commonwealth v. Lynch***, 820 A.2d 728, 732 (Pa. Super. 2003); ***see also*** 42 Pa.C.S. § 9543(a)(2)(ii). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. ***See, e.g., [Commonwealth v.] Allen***, 558 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)])." Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."…
>
> The standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005) (some citations omitted; brackets in original). Where a defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. ***Commonwealth v. Timchak***, 69 A.3d 765, 769 (Pa. Super. 2013). In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances

surrounding the plea. ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004).

Although Appellant alleges that ineffective assistance of counsel induced him to plead guilty, the record belies that statement. Plea counsel testified that he advised Appellant to plead based upon his sincere belief that it would be more beneficial for Appellant, due to the reduction in the severity and number of charges. ***See*** N. T., 9/14/15, at 31, 37-38, 40. Additionally, plea counsel discussed with Appellant possible defenses and concluded that the plea bargain was still to Appellant's benefit. ***Id.*** at 19-20, 39-40. This advice was within the range of competence demanded of an attorney in a criminal case. ***See Timchak***, 69 A.3d at 769; ***but see Commonwealth v. Barndt***, 74 A.3d 185, 201 (Pa. Super. 2013) (noting that counsel's inaccurate advice regarding collateral consequences of a guilty plea was not within the range of competence for an attorney).

The PCRA court found credible Mr. Lauer's testimony that he had discussed the guilty plea with Appellant and that, although Appellant was unhappy with the idea of pleading guilty, understood that he would be in a better legal position than he would be if he proceeded to trial on all charges and faced significant sentences. PCO at 5-7. The PCRA court did not find credible Appellant's testimony that he did not intend to plead guilty or could not hear the conversations, based upon multiple inconsistencies in his testimony as well as his ability to engage in reasoned conversations with the

court during the plea colloquy and PCRA evidentiary hearing. PCO at 6-7. We may not disturb this credibility finding, as it is supported by the record. *See Johnson*, 966 A.2d at 539 (noting that the credibility determinations of the PCRA court are "provided great deference" if supported by the record). Based on the above, Appellant is not entitled to relief.

Appellant also attempts to argue that counsel should have recognized Appellant's diminished mental capacity. Thus, he avers his plea was unknowing and involuntary.

The "[t]est for determining a defendant's mental competency to enter a guilty plea is whether he had sufficient ability at the pertinent time to consult with counsel with a reasonable degree of rational understanding, and have . . . a rational, as well as a factual[,] understanding of the proceedings against him." *Commonwealth v. Long*, 456 A.2d 641, 644 (Pa. Super. 1983). The PCRA court found that, based on Appellant's testimony and the evidence of the record, Appellant was able to participate in the plea colloquy and consult with counsel with a reasonable degree of rational understanding of the proceedings. We agree.

The record reflects that Appellant participated in a guilty plea colloquy and indicated that he understood the proceedings, was pleading guilty of his own free will, had discussed the agreement and sentencing guidelines with his attorney, and believed the plea to be in his best interest. PCO at 5; *see also* N. T., 7/14/14, at 5-10, 16-17; *see also* Written Guilty Plea Colloquy,

- 8 -

7/14/14, at 1-4. Appellant indicated he was not suffering from a mental health diagnosis or disability that would render him incapable of entering a knowing and involuntary plea. *See* N. T., 7/14/14, at 5-6. Appellant testified he was satisfied with the representation of counsel. *Id.* at 10. Further, Appellant asked and answered questions and actively participated in the colloquy. *Id.* at 6, 8-9.

Appellant accepted the factual basis of the plea and admitted to committing statutory sexual assault and possessing child pornography. *See* N. T., 7/14/15, at 6; *see* Written Guilty Plea Colloquy, 7/14/14, at 1-4. He understood the rights he was foregoing with his plea, indicated he was pleased with the representation of counsel, and stated that no one had coerced him into pleading guilty. *See Commonwealth v. Muhammad*, 74 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty); *see also Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence.").

Based upon our review of record and the totality of the circumstances, we conclude that Appellant knowingly and voluntarily entered the guilty plea.

The law does not require that Appellant be pleased with the results of his decision to enter a guilty plea, only that the plea be knowingly,

voluntarily, and intelligently made. *See Brown*, 48 A.3d at 1277. Based on the above, we conclude that Mr. Lauer acted reasonably in advising Appellant to accept the guilty plea and that Appellant knowingly, voluntarily, and intelligently participated in the colloquy. Thus, no manifest injustice occurred. *See Timchak*, 69 A.3d at 769; *see also Brown*, 48 A.3d at 1277; *see also Morrison*, 878 A.2d at 105.

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition following an evidentiary hearing. Appellant's claim is without merit, and he is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2016