J-S85025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BENJAMIN FRANCIS DEASEY | |
| Appellant | No. 1390 EDA 2016 |

Appeal from the PCRA Order December 21, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000025-2014

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 21, 2016**

Appellant, Benjamin Francis Deasey, appeals from the December 21, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 6, 2014, Appellant entered into a negotiated plea agreement to one count of robbery in the first degree, one count of criminal conspiracy to commit robbery, and one count of involuntary manslaughter. That same day, Appellant received an aggregate sentence of six to twelve years of incarceration followed by one year of probation.  Appellant did not pursue a direct appeal from his judgment of sentence.

On August 24, 2015, Appellant timely filed, *pro se*, a petition seeking relief under the PCRA.  Counsel was appointed and filed a petition seeking leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927

(Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On November 17, 2015, the court granted counsel's petition to withdraw and gave Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. Appellant untimely filed a response to the court's notice. On December 21, 2015, the court dismissed Appellant's petition.

Appellant timely appealed[1] and filed a court-ordered Pa.R.A.P. 1925(b) statement. In response, the court adopted its Order of November 17, 2015 in lieu of a Pa.R.A.P. 1925(a) opinion.

Herein, Appellant raises five issues, which we have restated for clarity:[2]

> 1. Appellant's request to withdraw his guilty plea should have been granted as counsel was ineffective in advising him to plead guilty; due to Appellant's shock and trauma, he was not able to tender a knowing, intelligent, and voluntary guilty plea.

_____

[1] On April 12, 2016, the court reinstated Appellant's direct appeal rights *nunc pro tunc*, as the court's orders giving Appellant notice of its intent to dismiss, and dismissing his PCRA petition, had been sent to the wrong prison. **See** Order, 4/12/16, at 1.

[2] Appellant's brief does not comply with the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2111-2133. For example, his statement of questions involved pursuant to Pa.R.A.P. 2116 does not list the questions he seeks to raise on appeal but instead, appears to attack the statement of his co-defendant. His statement of the case pursuant to Pa.R.A.P. 2117 consists of a three-page long paragraph, devoid of citations to the record. However, as the general points raised in his argument section appear to correspond to the issues raised in his Pa.R.A.P. 1925(b) statement, we decline to find waiver. **See Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where omissions do not impede review).

2. Appellant was entitled to a new trial based upon counsel's alleged forgery of Appellant's signature on legal documents waiving his right to a preliminary hearing.

3. Counsel was ineffective for failure to investigate Appellant's claims of innocence.

4. Appellant was entitled to a new trial based upon newly discovered evidence, consisting of unspecified statements and police reports, that the testimony of his co-defendant had been tainted by detectives investigating the case.

5. Appellant's PCRA counsel was ineffective for failure to file an Amended PCRA and for seeking to withdraw representation.

Appellant's Brief at 13-16.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

First, Appellant claims that his guilty plea was not voluntary, asserting that he was pressured by detectives and was suffering from psychological

trauma and shock. As a result, he argues that counsel's advice that he plead guilty constituted ineffective assistance. Appellant's Brief at 13.

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** A claim will be denied if the petitioner fails to meet any one of these requirements. **Commonwealth v. Springer**, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007)); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. **See, e.g., [Commonwealth v.] Allen**, 558 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)])." Allegations of

- 4 -

> ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."…
>
> The standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005) (some citations omitted; brackets in original). Where a defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. ***Commonwealth v. Timchak***, 69 A.3d 765, 769 (Pa. Super. 2013). In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004).

The record reflects that Appellant entered into a negotiated guilty plea. He signed a guilty plea colloquy, indicating that he was aware of the charges, the maximum sentence for the offense, and the circumstances surrounding the charges. Notes of Testimony (N. T.), 8/6/14, at 2-3; ***see also*** Written Guilty Plea Colloquy, 8/5/14, at 1-2. He admitted to committing the crimes and acknowledged that plea counsel had adequately explained the charges to him. N. T. at 2-3, 8-9; Colloquy at 5-6. He understood the rights he was foregoing with his plea and stated that no one had coerced him into pleading guilty. N. T. at 9; ***see also*** Colloquy at 6; ***see also Commonwealth v. Muhammad***, 74 A.2d 378, 384 (Pa. Super.

2002) (stating that an appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty); *see also Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence."); *see also Commonwealth v. Myers*, 642 A.2d 1103, 1107 (Pa. Super. 1994) (noting that an appellant's claim he was under pressure at the time he entered a plea will not invalidate that plea, absent proof he was incompetent at the time the plea was entered).

Thus, despite Appellant's claim of coercion and trauma, he is bound by his denials of the same at the guilty plea colloquy, as he has not introduced evidence of incompetence at the time of the plea. *See Muhammad*, 74 A.2d at 384; *see also Myers*, 642 A.2d at 1107. Thus, he has not established a manifest injustice that would require the withdrawal of his guilty plea. *See Morrison*, 878 A.2d at 105. Accordingly, Appellant has not established ineffective assistance of counsel in connection with his guilty plea. *See Timchak*, 69 A.3d at 769.

Appellant's next three claims are waived. First, Appellant claims that trial counsel forged Appellant's signature on the waiver of preliminary hearing form. Appellant's Brief at 13-14. Next, he claims that trial counsel was ineffective in refusing to research, investigate, or prove the validity of "any successful claims of innocence." Appellant's Brief at 14. Finally,

Appellant claims that newly obtained evidence was withheld from Appellant at and during the time of defense planning. Appellant's Brief at 15-16.

As Appellant did not raise these claims in his PCRA petition or in a response to the court's Pa.R.Crim.P. 907 notice, they are waived for purposes of appeal. ***Washington***, 927 A.2d at 601; ***see also*** Pa.R.A.P. 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Additionally, Appellant claims that PCRA counsel was ineffective in his representation. However, claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016

- 7 -